UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALEJANDRO RAMIREZ-SUAREZ,<br><br>    Defendant. | Case No. 16-CR-00124-LHK-4<br><br>**ORDER DENYING COMPASSIONATE RELEASE**<br><br>Dkt. No. 185 |

Defendant Alejandro Ramirez-Suarez ("Defendant") is currently in the custody of the Bureau of Prisons ("BOP") and incarcerated at the Federal Correctional Institution Oakdale II ("FCI Oakdale"). Defendant moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), also known as compassionate release. For the reasons set forth below, the Court DENIES Defendant's motion.

I.  **BACKGROUND**

At Defendant's jury trial, the government presented 12 witnesses and over 300 exhibits, including transcripts of Defendant's telephone calls and text messages that were intercepted pursuant to federal wiretaps in 2014. ECF No. 173 at 2. Defendant sold kilogram quantities of methamphetamine to Bay Area dealers and on occasion also assisted with processing

methamphetamine that arrived from Mexico and with sending the proceeds of the drug trafficking back to Mexico. ECF No. 162 ¶¶ 6-20.

On August 17, 2018, a jury convicted Defendant of conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846. ECF No. 150. The jury also unanimously found beyond a reasonable doubt that the conspiracy involved 500 grams of more of a mixture or substance containing a detectable amount of methamphetamine and that the type and quantity of drugs fell within the scope of Defendant's agreement or was reasonably foreseeable to Defendant. *Id*.

At sentencing Defendant was held responsible for 10.5 kilograms of methamphetamine with a purity of 98.4%. ECF No. 162 ¶ 20. The United States Probation Office and the government determined that Defendant's final offense level was 38 and that Defendant's sentencing guideline range was 235 to 293 months of imprisonment. ECF Nos. 162, 163, and 173. The United States Probation Office recommended a sentence of 144 months. ECF No. 162. The government recommended a sentence of 235 months. ECF Nos. 163, 173.

Defendant's trial counsel argued that Defendant's sentencing guideline range should be 151 to 188 months and requested a downward variance to the statutory mandatory minimum sentence of 120 months. ECF No. 164.

At Defendant's request, Defendant's trial counsel was relieved, and new counsel was appointed for Defendant. ECF Nos. 166, 167. Defendant's new counsel set up a safety valve proffer session with the government and argued at sentencing that Defendant was eligible for the safety valve. ECF No. 174. To be eligible for the safety valve, a defendant must truthfully provide to the government all information and evidence concerning the offenses. U.S.S.G. § 5C1.2(a)(5). In the instant case, the Court found that Defendant's proffer to the government was contradicted by the trial evidence, which included Defendant's own telephone calls and texts, and thus that Defendant was not eligible for the safety valve. ECF Nos. 178, 179.

Although Defendant was convicted after trial, the Court found that Defendant accepted responsibility and decreased Defendant's offense level by two levels pursuant to United States

Sentencing Guideline §3E1.1(a). Thus, the Court determined that Defendant's final offense level was 36 and that his sentencing guideline range was 188 to 235 months. Statement of Reasons at 1. The Court varied downward and sentenced Defendant to the statutory mandatory minimum sentence of 120 months. ECF No. 179.

Defendant was remanded into custody on August 17, 2018, the day of the jury verdict. ECF No. 162 ¶ 2. Defendant's projected release date is February 15, 2027. ECF No. 186 at 1. Defendant has served less than 20% of his sentence.

## II. LEGAL STANDARD

18 U.S.C. § 3582(c) allows a court to modify a defendant's "term of imprisonment . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring the motion on his behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

"[A]fter considering the factors set forth in § 3553(a) to the extent applicable," a court may grant the motion to reduce the defendant's sentence in two circumstances. As relevant here, a court may reduce a defendant's sentence if it finds "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A). The relevant Sentencing Commission policy statement enumerates several "extraordinary and compelling reasons." U.S. Sentencing Guidelines ("U.S.S.G") § 1B1.13(1)(A) & cmt. 1. A defendant fulfills one of the enumerated reasons when the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id*. § 1B1.13 cmt. 1(A)(ii). The Commission also requires that the defendant not pose a danger to the safety of the community. *Id*. § 1B1.13(2).

## III. DISCUSSION

In analyzing whether a defendant is entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), courts determine whether a defendant has satisfied three requirements.  First, a defendant must exhaust his administrative remedies.   Second, a defendant must establish that the § 3553(a) sentencing factors "are consistent with" granting a motion for compassionate release. *United States v. Trent*, 2020 WL 1812242, at *2 (N.D. Cal. Apr. 9, 2020).  Third, a defendant must demonstrate that "extraordinary and compelling reasons"—as defined by the applicable Sentencing Commission policy statement—"warrant . . . a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

As to the first requirement, exhaustion, Defendant's motion does not allege that he requested compassionate release from the warden of FCC Oakdale.  ECF No. 185.  Moreover, the government received confirmation from FCC Oakdale that they have no record of any request by Defendant for compassionate release.  ECF No. 186.  However, the United States Probation Office's response to Defendant's motion states that according to Defendant's case manager, Defendant never submitted a release plan, but the warden denied Defendant's compassionate release request.

Courts disagree as to whether Section 3582's exhaustion requirement is jurisdictional and subject to equitable exceptions. *Compare United States v. Connell*, --- F. Supp. 3d ---, 2020 WL 2315858, at *2-5 (N.D. Cal. May 8, 2020) (finding "Section 3582's exhaustion provision is . . . not jurisdictional" and subject to equitable exceptions), *with United States v. Reid*, 2020 WL 1904598, at *4 (N.D. Cal. Apr. 18, 2020) ("The Court cannot forgive the failure to exhaust, and without exhaustion, the Court lacks jurisdiction over the motion [for compassionate release].").  However, the Court need not reach this issue because in the instant case the Court finds that Defendant fails to satisfy the third requirement for compassionate release; that is, Defendant fails to demonstrate that "extraordinary and compelling reasons warrant [a sentence] reduction." 18 U.S.C. § 3582(c)(1)(A).  Accordingly, for purposes of this order, the Court assumes that Defendant has exhausted his administrative remedies despite an apparent factual inconsistency.  Moreover, because Defendant fails to satisfy the third requirement for compassionate release, the Court need

not reach the second requirement.

Specifically, as to the third requirement, Defendant fails to demonstrate extraordinary and compelling reasons warranting a sentence reduction. At the time of Defendant's sentencing on May 22, 2019, Defendant, who was then 38 years old, did not report any health issues. ECF No. 162 ¶ 53. Under the title "Physical Condition," paragraphs 52 and 53 of Defendant's Pre-Sentence Report state:

> 52. The defendant is a 5'10" White male of Hispanic descent who has brown eyes and black hair. The defendant does not have tattoos or notable scars.
>
> 53. The defendant stated that he takes allergy medication, but did not indicate the brand name. Ramirez-Suarez does not have martial arts training.

Similarly, in Defendant's motion for compassionate release, Defendant states that Defendant is 39 years old. ECF No. 185 at 1. Defendant's age does not place him in a high-risk age group for severe COVID-19 illness, and Defendant does not contend otherwise. Moreover, Defendant does not state that he has any health issues or any underlying medical conditions that would make Defendant unusually vulnerable to the effects of COVID-19. *Id*. In fact, Defendant does not allege that he is at any increased risk for severe COVID-19 illness. *Id*. Instead, Defendant argues that he "is concerned about risks to coronavirus pandemic spreading worldwide and now takin [sic] place at FCC. LA." *Id*.

In response, the government argues that Defendant is not at a higher risk of severe illness from COVID-19. ECF No. 186 at 11. The government obtained Defendant's medical records from the Bureau of Prisons, which showed that Defendant tested positive for non-active, latent tuberculosis and that Defendant had completed a 12-week course of preventative medication related to this positive test. *Id*. The government further contends that latent tuberculosis is not listed as a Centers for Disease Control-identified risk factor that would render Defendant particularly susceptible to severe illness if Defendant were to contract COVID-19. *Id*. Moreover, the government contends that FCC Oakdale has one present known case of an inmate who has tested positive for COVID-19 and has implemented mitigation measures, such as suspension of

5

social visitation and internal inmate movements, extensive screening of staff and inmates, cleaning protocols, and quarantining and treatment. *Id*. at 11-12.

The government is correct that the Centers for Disease Control do not identify 39 years of age or latent tuberculosis as risk factors for severe COVID-19 illness. *See* Centers for Disease Control and Prevention, *People Who Need to Take Extra Precautions,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (updated July 2, 2020).

Other courts have found that where a defendant is not in a high risk age group and lacks any underlying medical conditions that make the defendant unusually vulnerable to the effects of COVID-19, as is the case here, the defendant has failed to demonstrate extraordinary and compelling reasons to warrant a sentence reduction and thus compassionate release. *See, e.g., United States v. Patterson*, 2020 WL 3451542, at *2 (S.D.N.Y. June 23, 2020) (compassionate release is not warranted where Defendant lacks "any underlying medical conditions that would make him more vulnerable to the exposure to COVID-19" and "Defendant's age does not fall within the age range that has been identified as most at risk"); *United States v. Smeltzer*, 2020 WL 2797493, at *2 (S.D. Cal. May 29, 2020) (defendant who is "48 years old and reflects no medical condition that would specifically make him more vulnerable to contract COVID-19" cannot demonstrate extraordinary and compelling reasons for compassionate release); *United States v. Eberhart*, ---F.Supp.3d ---, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("As defendant does not assert that he is suffering from a medical condition as defined in U.S.S.G. § 1B1.13, a reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A)."); *United States v. Vassallo*, 2020 WL 3402436, at *2-3 (E.D. Cal. June 19, 2020) (denying compassionate release for a defendant who was 40 years old and did not show serious medical conditions that make him vulnerable to COVID-19 to the point where he is unable to minimize his health risks through self-care); *United States v. Haney*, --- F. Supp. 3d ---, 2020 WL 1821988, at *5 (S.D.N.Y. Apr. 13, 2020) (deny compassionate release to 61-year-old defendant in reasonably

good health because if age alone was sufficient to grant compassionate release, "it follows that every federal inmate in the country above the age of 60 should be forthwith released from detention, a result that does not remotely comply with the limited scope of compassionate release"); *United States v. Wade*, 2020 WL 3254422, at *2 (N.D. Cal. June 16, 2020) ("Section 3582 only encompasses specific serious medical conditions, which specifically afflict an individual inmate—generalized threats to the entire population are insufficient."). Defendant, who is 39 years old and is in good health, has failed to demonstrate extraordinary and compelling reasons justifying compassionate release.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion for compassionate release.

**IT IS SO ORDERED.**

Dated: July 9, 2020

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

7
Case No. 16-CR-00124-LHK-4
ORDER DENYING COMPASSIONATE RELEASE