UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 16-CR-00124-BLF-4 |
|---|---|
| Plaintiff, | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER |
| v. | 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE) |
| ALEJANDRO RAMIREZ-SUAREZ | |
| Defendant. | [Re: ECF No. 191] |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____
   is reduced to _____. If this sentence is less than the
   amount of time the defendant already served, the sentence is reduced to a time served;
   or

☐ Time served.

If the defendant's sentence is reduced to time served:

   ☐ This order is stayed for up to fourteen days, for the verification of the
      defendant's residence and/or establishment of a release plan, to make
      appropriate travel arrangements, and to ensure the defendant's safe release. The
      defendant shall be released as soon as a residence is verified, a release plan is
      established, appropriate travel arrangements are made, and it is safe for the

defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of ___ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:


☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:


☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United

States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant argues that there are extraordinary and compelling reasons to justify a modification of his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). *See* Motion, ECF No. 191 at 4–10. Defendant argues that the COVID-19 ("COVID") pandemic constitutes an extraordinary and compelling reason to justify reducing his sentence. *See id.* at 4. Defendant argues that he is at heightened risk of experiencing severe illness or death from COVID due to (1) "long COVID" symptoms following Defendant's infection with and recovery from COVID; (2) asthma; and (3) sleep apnea—"which causes anxiety and depression." *See id.* at 8. Defendant argues that he is at particular risk given the conditions of his confinement at FCI Oakdale in Louisiana, which include "tight living quarters" and a lack of COVID screening protocols. *See id.* at 8–10. In response, the United States argues that Defendant has failed to provide evidence of his purported health conditions. *See* Opposition, ECF No. 195 at 5–6. Further, the United States argues that the other chronic medical conditions indicated by Defendant's medical records—chronic tuberculosis and a recurring skin rash—are manageable conditions insufficient to constitute extraordinary and compelling reasons. *See id.* at 6–7. Additionally, the United States points out that Defendant has received two COVID vaccine doses and a booster, and he has recovered from COVID—making Defendant's risk of severe COVID symptoms low. *See id.* at 7–9. To the extent Defendant's purported extraordinary and compelling reasons are based on conditions of his confinement and inadequate medical care, the United States argues that a motion for compassionate release is not the appropriate vehicle for seeking relief. *See id.* at 5 n.3.

The Court agrees with the United States. The existence of COVID on its own is not enough to constitute an extraordinary and compelling reason justifying Defendant's compassionate release. *See, e.g., United States v. Arceo*, No. 9–cv–00616–EJD–1, 2020 WL 2614873, at *2 (N.D. Cal. May 22, 2020). Further, Defendant has not adequately shown that his health conditions put him at risk of severe COVID symptoms sufficient to constitute an extraordinary and compelling reason. In denying Defendant's prior two motions for compassionate release, Judge Koh found that Defendant's latent tuberculosis, recurrent rash, and age (Defendant was 39 at the time of his first motion for compassionate release—he is now 42) did not constitute extraordinary and compelling reasons. *See* Order on First Motion for Compassionate Release, ECF No. 187 at 5–7; Order on Second Motion for Compassionate Release, ECF No. 190 at 1–2. In Defendant's third motion for compassionate release, he raises "long COVID" symptoms, asthma, and sleep apnea and resulting anxiety and depression. *See* Motion, ECF No. 191 at 8. But none of these conditions are borne out by Defendant's medical records or any other evidence in the record. *See* ECF No. 196-2. Further, Defendant's medical records indicate that he has received two COVID vaccine doses and one booster, and that he has previously recovered from COVID. *See* ECF No. 196-2 at 6, 24, 28–37, 44. Accordingly, the evidence fails to support Defendant's contention that his risk of severe COVID symptoms provides an extraordinary and compelling reason for his release. Defendant's COVID risk factors are inadequately supported—instead, there is ample evidence that Defendant's immune system is well equipped for any future COVID infection. Additionally, the Court agrees with the United States that Defendant's arguments regarding the conditions of his confinement are not properly raised in a motion for compassionate release.

Defendant also argues that the Bureau of Prisons' ("BOP") has improperly denied him First Step Act ("FSA") time credits and the opportunity to serve his sentence in home confinement—all because he has a U.S. Immigration and Customs Enforcement ("ICE") detainer. *See* Motion, ECF No. 191 at 10–12, 15–17. The Court finds that it is not proper for Defendant to seek such relief in a motion for compassionate release. If Defendant seeks

to challenge the execution of his sentence, he must bring a habeas petition under 28 U.S.C. § 2241, which must be brought in the custodial court—not the sentencing court. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

Based on the above reasoning, the Court finds that Defendant has failed to show extraordinary and compelling reasons for modifying his sentence. Without an adequate showing of extraordinary and compelling reasons, the Court does not need to reach the factors under 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c). Defendant's motion is therefore DENIED.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated: August 15, 2022

_____
BETH LABSON FREEMAN
United States District Judge