1
2
3
4
**UNITED STATES DISTRICT COURT**
5
**NORTHERN DISTRICT OF CALIFORNIA**
6
**SAN JOSE DIVISION**
7

8 | UNITED STATES OF AMERICA,

9 | Plaintiff,

10 | v.

11 | ALEJANDRO RAMIREZ-SUAREZ,

12 | Defendant.

Case No. 16-cr-00124-BLF-4

**ORDER DENYING DEFENDANT'S MOTION AND AMENDED MOTION FOR COMPASSIONATE RELEASE / SENTENCE REDUCTION**

[Re: ECF 203, 216]

13

14       Before the Court are Defendant Alejandro Ramirez-Suarez's Motion for Compassionate

15 Release / Reduction in Sentence under 18 U.S.C. § 3582(c)(1)(A), and Amended Motion for a

16 Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A), requesting that the Court cut short his 120-

17 month prison term for conspiracy to distribute methamphetamine.  *See Pro Se* Mot., ECF 203;

18 Am'd Mot., ECF 216.  The initial motion was filed *pro se*, and the amended motion was filed by

19 appointed counsel.  The United States Probation Office ("Probation") filed letter responses to both

20 the original *pro se* motion and the amended motion filed by Defendant's counsel.  *See* Probation

21 Letters, ECF 207, 220.  The Government filed opposition after the amended motion was filed, and

22 Defendant's counsel filed a reply.  *See* Opp., ECF 219; Reply, ECF 221.

23       No party has requested a hearing, and the Court finds the motion and amended motion to

24 be suitable for decision without oral argument.  *See* Fed. R. Crim. P. 43(b)(4) (a defendant need

25 not be present at proceedings involving the correction or reduction of sentence under 18 U.S.C. §

26 3582(c)); *United States v. Bond*, No. LA CR94-00563 JAK, 2020 WL 4340257, at *1 (C.D. Cal.

27 Feb. 25, 2020) (motion for compassionate release may be decided without hearing).

28       The motion and amended motion are DENIED for the reasons discussed below.

United States District Court
Northern District of California

United States District Court
Northern District of California

## I.     BACKGROUND

Following a jury trial before Judge Lucy H. Koh, to whom this case initially was assigned, Defendant was convicted of one count of conspiracy to distribute methamphetamine.  The presentence investigation report reflects that Defendant personally obtained more than 10 kilograms of methamphetamine for sale and engaged in related illegal conduct.  *See* PSR ¶¶ 5-20, ECF 162.  Judge Koh sentenced Defendant to a prison term of 120 months, followed by a supervised release term of 5 years.  *See* Judgment, ECF 179.  Defendant has served more than 70% of his prison sentence.  His anticipated release date is February 15, 2026.  *See* Opp. at 3.

Defendant filed three prior motions for compassionate release, all based on health risks posed by the COVID-19 virus.  *See* Prior Mots., ECF 185, 189, 191.  Judge Koh denied the first two motions, finding that Defendant had not established a medical condition that would place him at a greater risk from COVID-19 than the general prison population.  *See* Prior Orders, ECF 187, 190.  The case thereafter was reassigned to the undersigned judge, who denied the third motion based on the same reasoning.  *See* Prior Order, ECF 202.

Defendant then filed the current *pro se* motion for compassionate release based on family circumstances, asserting that he was needed to care for his mother following her diagnosis of lung cancer and the death of his sister.  *See Pro Se* Mot.  In the amended motion filed by counsel, Defendant has advised the Court that his mother passed away.  *See* Am'd Mot.  However, Defendant argues that compassionate release is still warranted based on family circumstances because his incarceration is imposing significant hardship on his wife, Francisca, and their two children – daughter Alejandra, who has graduated from high school and works as a dental assistant, and son Carlos, who is a high school sophomore.  *See* Am'd Mot. at 1-3; Callaway Decl. Ex. 1, 1A (Francisca's Letter); Ex. 2 (Alejandra's Letter); Ex. 3, 3A (Ayala's Letter); Ex. 5 (Def.'s Letter), ECF 217.

Defendant has submitted a letter asking for the opportunity to support his family.  *See* Def.'s Letter.  Defendant's former employer, a direct-sales business for kitchen supplies, has provided a letter stating that Defendant would be re-hired in a sales position upon his release.  *See* Ayala Letter, ECF 217-5.  Francisca has filed a letter describing how difficult it was for her to

transition from a stay-at-home mother to working two daily shifts at a fast food restaurant following Defendant's conviction.  *See* Francisca Letter.  Francisca finds the work particularly challenging because she suffers from asthma and possibly rheumatoid arthritis.  *See id.*  Alejandra has provided a letter stating that she dropped out of San Jose City College and works full time at a dental office so that she can help out at home and with her younger brother, Carlos.  *See* Alejandra Letter.  Both Francisca and Alejandra express concern about Carlos' behavior, describing his poor grades and discipline issues.  *See* Francisca Letter; Alejandra Letter.

## II.   LEGAL STANDARD

Ordinarily, a federal court "may not modify a term of imprisonment once it has been imposed[.]"  18 U.S.C. § 3582(c); *see also United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021).  "But this general rule is subject to several exceptions, one of which provides courts the discretion to grant a prisoner compassionate release when certain conditions are met."  *Keller*, 2 F.4th at 1281 (9th Cir. 2021).  When Congress created this exception, codified at 18 U.S.C. § 3582(c)(1)(A), only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release.  *See id.*  However, the statute has been broadened to allow a defendant to seek a sentence reduction directly from the court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A).

When addressing the merits of a motion for compassionate release, a district court must consider three factors identified in 18 U.S.C. § 3582(c)(1)(A).  *See United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022).  "First, the district court must determine whether extraordinary and compelling reasons warrant a sentence reduction."  *Id.* (quotation marks and citation omitted).  "Second, the court must evaluate whether a reduction would be consistent with *applicable* policy statements issued by the Sentencing Commission."  *Id.* (quotation marks and citation omitted).  "Third, the court must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted under the particular circumstances of the case."  *Id.* quotation marks and citation omitted).  "Although a district court must conclude that a

1  defendant satisfies all three predicates before granting a motion for compassionate release, it may

2  deny compassionate release if a defendant fails to satisfy any of these grounds." *Id.*

3  **III.   DISCUSSION**

4      **A.   Administrative Exhaustion**

5      As a threshold matter, the Court must determine whether Defendant has satisfied the

6  administrative exhaustion requirement of § 3582(c)(1)(A).  Construing that requirement, the Ninth

7  Circuit has explained that a district court may consider a motion for compassionate release brought

8  by an inmate only if "the inmate has requested that the BOP make such a motion and either (a) the

9  inmate has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a

10 motion on the [inmate]'s behalf, or (b) 30 days have elapsed since the warden of the [inmate]'s

11 facility received a compassionate-release request from the inmate."  *Keller*, 2 F.4th at 1281

12 (quotation marks and citation omitted, alterations in original).  This requirement is not

13 jurisdictional.  *See Keller*, 2 F.4th at 1282.  However, "§ 3582(c)(1)(A)'s administrative

14 exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when

15 properly invoked" by the Government.  *Id.*

16     Defendant's *pro se* motion includes a copy of his Inmate Request to Staff dated September

17 1, 2023, addressed to the warden of his facility, seeking compassionate release based on family

18 circumstances and citing his ailing mother's need for care in light of the death his sister.  *Pro Se*

19 Mot. ECF page 21 of 23.  More than thirty days elapsed between Defendant's submission of the

20 Intake Request to Staff and the filing of Defendant's *pro se* motion and amended motion seeking

21 compassionate release based on family circumstances.  *See Pro Se* Mot.  Thus, it appears that

22 Defendant has administratively exhausted his motion for compassionate release.

23     The Government asserts that "it is doubtful" Defendant has administratively exhausted,

24 pointing out that the family circumstances described in his Inmate Request to Staff are his

25 mother's illness and his sister's death, while the family circumstances described in his amended

26 motion for compassionate release are the hardships suffered by his wife and children.  Opp. at 5.

27 In essence, the Government argues that Defendant was required to exhaust each and every issue

28 underlying his motion for compassionate release based on family circumstances.

United States District Court
Northern District of California

1   "The Ninth Circuit has not specifically addressed whether imposing an 'issue exhaustion'

2   requirement for § 3582 motions is appropriate, and district courts within this Circuit have not

3   found any unanimity on the matter." *United States v. Morfin-Rios*, No. 3:18-CR-04997-JAH,

4   2023 WL 4355341, at *2 (S.D. Cal. July 5, 2023) (collecting cases). Some district courts have

5   held that "materially different grounds for compassionate release must each be presented in a

6   request to the warden before a motion to the court is filed." *United States v. Narez*, No. 1:05-CR-

7   00231-AWI, 2021 WL 5566787, at *4 (E.D. Cal. Nov. 29, 2021); *see also Morfin-Rios*, 2023 WL

8   4355341, at *2 (issue exhaustion required); *United States v. Bakhtiari*, No. CR 18-0009 WHA,

9   2022 WL 1289050, at *2 (N.D. Cal. Apr. 30, 2022) (same). Other district courts have held that §

10  3582(c)(1)(A) "does not require the inmate to set forth an exhaustive list of potential grounds for

11  release." *United States v. Sawyers*, No. CR 15-00070-RSWL-1, 2021 WL 2581412, at *2 (C.D.

12  Cal. June 22, 2021).

13      Even assuming for purposes of this motion that issue exhaustion is required, the Court

14  finds that Defendant's administrative request and current motion are not based on materially

15  different grounds. Both submissions request compassionate release based on family

16  circumstances. While the specific examples of family hardship discussed in the administrative

17  request and the current motion are not identical, the gist of both is that Defendant's family

18  circumstances warrant a reduction in sentence. Accordingly, the Court concludes that the

19  administrative exhaustion requirement has been satisfied.

20      **B.      Merits**

21      As noted above, a district court may grant a reduction in sentence under § 3582(c)(1)(A) if

22  it determines that (1) extraordinary and compelling reasons warrant a reduction, (2) a reduction

23  would be consistent with applicable policy statements issued by the Sentencing Commission, and

24  (3) a reduction is warranted under the factors set forth in 18 U.S.C. § 3553(a). *See Wright*, 46

25  F.4th at 945; 18 U.S.C. § 3582(c)(1)(A). Congress did not provide a statutory definition of

26  "extraordinary and compelling reasons," but rather left it to the Sentencing Commission to

27  promulgate policy statements describing what should be considered extraordinary and compelling

28  reasons for sentence reduction. *See United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021). In

United States District Court
Northern District of California

5

*Aruda*, the Ninth Circuit determined that the Sentencing Commission's policy statement, found at U.S.S.G. § 1B1.13, had not been updated following the amendment to § 3582(c)(1)(A) allowing inmate-filed motions for compassionate release. *See id.* For that reason, the *Aruda* court found that the version of U.S.S.G. § 1B1.13 then in effect was not an applicable policy statement for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant. *See id.* at 802. Under those circumstances, the *Aruda* court determined that the policy statement set forth in U.S.S.G. § 1B1.13 could inform a district court's exercise of discretion with respect to § 3582(c)(1)(A) motions filed by a defendant, but was not binding. *See id.*

The United States Sentencing Guidelines Manual was recently amended, effective November 1, 2023, to update the Sentencing Commission's policy statement at U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13. The amended policy statement is expressly directed to motions filed by either the BOP or the defendant. *See* U.S.S.G. § 1B1.13(a) ("Upon motion of the Director of the Bureau of Prisons *or the defendant* . . . ." (emphasis added)). Numerous district courts have concluded that, as amended, U.S.S.G. § 1B1.13 is an applicable policy statement for defendant-filed § 3582(c)(1)(A) motions and thus is binding on district courts considering such motions. *See e.g., United States v. Rodriguez*, No. 17-CR-00215-GPC, 2024 WL 1268156, at *2 (S.D. Cal. Mar. 25, 2024) ("[P]olicy statement § 1B1.13 is binding on this Court's consideration of Rodriguez's motion for compassionate release."); *United States v. Brugnara*, No. CR 14-00306 WHA, 2024 WL 332867, at *2 (N.D. Cal. Jan. 28, 2024) ("Applying the reasoning in *Aruda* to the present iteration of 1B1.13, this order finds that, as of November 1, it is an 'applicable policy statement' for motions filed by a defendant and, as a result, binds the district court's analysis."). Other district courts have continued to treat U.S.S.G. § 1B1.13 as non-binding guidance, even after its amendment. *See, e.g., United States v. Merancio*, No. 1:19-CR-00220-JLT-SKO-1, 2024 WL 946007, at *2 (E.D. Cal. Mar. 5, 2024) ("This court refers to the Sentencing Commission's policy statement for guidance."); *United States v. Woods*, No. 21-CR-00478-JST-1, 2024 WL 251399, at *1 (N.D. Cal. Jan. 23, 2024) ("Although the Sentencing Commission's policy statement set forth in § 1B1.13 is not binding on motions filed by a defendant, it may nevertheless 'inform a district court's discretion.'").

1    This Court agrees with the decisions finding that, as amended effective November 1, 2023,

2    U.S.S.G. § 1B1.13 is an applicable policy statement for § 3582(c)(1)(A) motions filed by

3    defendants and therefore is binding on district courts addressing such motions.  The Court's

4    analysis would be the same even if it were to view U.S.S.G. § 1B1.13 as non-binding, however,

5    because the policy statement offers persuasive guidance.[1]

6    Section 1B1.13 provides that extraordinary and compelling reasons for a reduction in

7    sentence exist under any of six enumerated circumstances, or a combination thereof, relating to:

8    (1) the medical circumstances of the defendant; (2) the age of the defendant; (3) family

9    circumstances of the defendant; (4) the defendant being a victim of abuse while in custody;

10   (5) other reasons of similar gravity; and (6) an unusually long sentence.  *See* U.S.S.G. §

11   1B1.13(b).  The policy statement provides that the third category, family circumstances, may

12   constitute extraordinary and compelling reasons for a sentence reduction as follows:

> (3) Family Circumstances of the Defendant.--
>
> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
> (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

24   U.S.S.G. § 1B1.13(b)(3).

---

[1] Neither party has directed the Court's attention to the amended version of U.S.S.G. § 1B1.13. Instead, both parties cite *Aruda* for the proposition that there is no applicable policy statement with respect to defendant-filed compassionate release motions, and thus that U.S.S.G. § 1B1.13 may be viewed only as non-binding guidance.

United States District Court
Northern District of California

None of these factual scenarios is present here.  Defendant's wife, Francisca, clearly is acting as a caregiver to both children, and there is no suggestion that Francisca is incapacitated. While Defendant asserts that Francisca suffers from asthma, and is being tested for rheumatoid arthritis, he does not present any evidence that those conditions render Francisca unable to work and care for the children.  Moreover, it appears that Alejandra is able to offer Francisca support in the form of financial assistance and help managing the household and caring for Carlos.  While the Court is sympathetic to the hardship Defendant's incarceration has caused to his family, the Court finds that the family's circumstances to not constitute extraordinary and compelling reasons for Defendant's compassionate release.

Defendant urges the Court to grant a reduction in sentence under the catch-all provision of U.S.S.G. § 1B1.13.  Defendant cites to the prior version of U.S.S.G. § 1B1.13, but the current version also contains a catch-all category:  "(5) Other Reasons.--The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)."  U.S.S.G. § 1B1.13(b)(5).  Defendant argues that under the catch-all provision, "[t]he combination of Mr. Ramirez's family's need for his financial and emotional support at home, his relatively young age (43), zero prior criminal history (PSR ¶ 38), and the uniquely punitive nature of serving time during the COVID-19 pandemic are altogether extraordinary and compelling reasons for compassionate release."  Am'd Mot. at 6.  In the Court's view, the family circumstances described in Defendant's motion, the fact that Defendant served some of his sentence during the COVID-10 pandemic, and the other circumstances to which he alludes, do not distinguish Defendant's case from hundreds of others in which the defendant's criminal sentence necessarily imposes hardship on his family and must be served despite the challenges presented by COVID-19.

On the facts of this case, the Court finds that Defendant has not established the existence of extraordinary and compelling reasons for a sentence reduction and that a reduction would be contrary to the applicable policy statement set forth in the current version of U.S.S.G. § 1B1.13. The Court therefore need not address whether a reduction would be warranted under the factors set

forth in 18 U.S.C. § 3553(a).  *See Wright*, 46 F.4th at 945 ("Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds.")

**IV.   ORDER**

    (1)    Defendant's Motion for Compassionate Release / Reduction in Sentence under 18 U.S.C. § 3582(c)(1)(A), and Amended Motion for a Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A), are DENIED.

    (2)    This order terminates ECF 203 and 216.

Dated:  April 5, 2024

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

9