UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ALEJANDRO RAMIREZ-SUAREZ,<br>Defendant. | Case No.  5:16-cv-00124-BLF<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR A SENTENCE REDUCTION**<br><br>[Re: ECF No. 223] |

Before the Court is Pro Se Defendant Alejandro Ramirez-Suarez's ("Defendant") motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. *See* ECF No. 223. The United States Probation Office issued a Sentence Reduction Investigation Report ("SRIR") stating that Defendant does not qualify for a reduction. *See* ECF No. 226. The Government filed a brief opposing a reduction in sentence. *See* ECF No. 228. Defendant filed an optional reply. *See* ECF No. 230. Defendant is in the custody of the Bureau of Prisons at FCI Oakdale II with a projected release date of February 16, 2026. *See* ECF No. 228 at 2. The Court finds the motion suitable for decision without oral argument.

The motion is DENIED for the reasons discussed below.

**I.    BACKGROUND**

Following a jury trial before Judge Lucy H. Koh, to whom this case initially was assigned, Defendant was convicted of one count of conspiracy to distribute methamphetamine. The presentence investigation report reflects that Defendant personally obtained more than 10 kilograms of methamphetamine for sale and engaged in related illegal conduct. *See* ECF No. 162 ¶¶ 5-20. Judge Koh sentenced Defendant to a prison term of 120 months, followed by a supervised

release term of 5 years. *See* ECF No. 179. Defendant has served more than 70% of his prison sentence; his anticipated release date is February 15, 2026. *See* ECF No. 228 at 2.

Defendant filed four prior motions for compassionate release, three based on health risks posed by the COVID-19 virus and one based on family circumstances. *See* ECF No. 185, 189, 191, 203. Judge Koh denied the first two motions, finding that Defendant had not established a medical condition that would place him at a greater risk from COVID-19 than the general prison population. *See* ECF No. 187, 190. The case thereafter was reassigned to the undersigned judge, who denied the third motion based on the same reasoning and denied the fourth motion based on the lack of extraordinary circumstances surrounding Defendant's family. *See* ECF No. 202, 222.

On May 21, 2024, Defendant filed the present motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821. *See* ECF No. 223.

## II. LEGAL STANDARD

If a defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, … the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Supreme Court has established a two-step approach for determining whether a sentencing reduction may be granted under § 3582(c)(2). *See Dillon v. United States*, 560 U.S. 817, 827 (2010). First, the Court must follow the Commission's instructions in U.S.S.G. § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. *See id*. Under § 1B1.10, the Court must determine the amended guidelines range that would have been applicable had the relevant amendment been in effect at the time of the initial sentencing. *See id*. Section 1B1.10 limits any reduction in sentence such that the Court may not reduce a sentence to a term "less than the minimum of the amended guideline range."[1] U.S.S.G. § 1B1.10(b)(2)(A). At the second step, the

---

[1] The limitation has one exception that is not applicable here: where the Court originally imposed a sentence below the guidelines range "pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guidelines range… may be appropriate." U.S.S.G. § 1B1.10(b)(2)(B).

2

Court considers the applicable § 3553(a) factors. *See id*.

Amendment 821 to the Sentencing Guidelines became effective on November 1, 2023, and Parts A and B may be applied retroactively. *See* U.S.S.G. § 1B1.10(a)(1), (d). Part A of Amendment 821 struck the Sentencing Guidelines' former provision that added 2 status points if the defendant "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1(d) (Nov. 1, 2015), *as amended by* Amendment 821. In its place, Part A added a new provision under which 1 status point is added if the defendant otherwise received 7 or more criminal history points and "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e) (Nov. 1, 2023). Thus, Part A eliminates status points for individuals with 6 or fewer criminal history points and replaces 2 status points with 1 status point for individuals with 7 or greater criminal history points.

Part B of Amendment 821 added a provision to the Sentencing Guidelines that provides for a 2-level reduction to a defendant's offense level for certain defendants that meet all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not process, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H.1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848.

U.S.S.G. § 4C1.1(a) (Nov. 1, 2023).

## III. DISCUSSION

Defendant seeks relief only under Part B of Amendment 821. However, given Defendant's pro se status, the Court will evaluate whether Defendant is eligible for relief under either Part A or Part B. Defendant does not qualify under Part A because he received zero status points at sentencing. *See* ECF No. 162 ¶¶ 25-34. Moreover, although Defendant qualifies for a two-level reduction to his Total Offense Level of 36 under Part B, Defendant's adjusted Total Offense Level of 34 results in an advisory guideline range of 151 to 188 months. *See* ECF No. 226. Since Defendant's sentence of 120 months is already below the minimum of this amended guideline range, the applicable law does not permit the Court to reduce Defendant's sentence. *See Dillon*, 560 U.S. at 827; U.S.S.G. § 1B1.10(b)(2)(A). Thus, the Court finds no basis to reduce Defendant's sentence under Amendment 821.

The Court notes that Defendant makes arguments based on his mistaken belief that his Total Offense Level at the time of sentencing was 32, when in fact Defendant's Total Offense Level at the time of Sentencing was 36, as reflected in the SRIR prepared by Probation and the Statement of Reasons issued by the Sentencing judge. *See* ECF No. 226.

The Court also notes that Defendant appears to argue that he should have been granted safety-valve relief. Arguments related to safety-valve are not properly brought in a motion for reduction in sentence under Amendment 821. Moreover, the record reflects that the sentencing judge specifically considered whether Defendant qualified for safety-valve relief and determined that he did not. *See* ECF No. 178. Defendant has not advanced any factual or legal basis for this court to modify Judge Koh's determination.

Accordingly, Defendant's motion for a sentence reduction is DENIED.

4

IV.  **ORDER**

1) Defendant's motion for a reduction in sentence under Amendment 821 is DENIED; and
2) This order terminates ECF No. 223.

Dated:  September 18, 2024

Beth Labson Freeman
United States District Judge